# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51090

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CRISTIAN ESCARCEGA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:15-CR-275-1

Before REAVLEY, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Christian Escarcega was convicted of possession with intent to distribute a controlled substance and appeals denial of a motion to suppress evidence of the warrantless search of his cell phone.  We affirm.

This happened at the border between Mexico and the United States where the defendant was crossing into this country and put his cell phone in the custody of the border control officers.  When they saw that there had been

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51090

a conversation between the defendant and another person who was under investigation for illegal activity, they obtained a warrant and went through the phone's content to obtain incriminating evidence.  Prior to trial, defendant moved to suppress the evidence acquired from the cell phone, which motion was denied and the appeal now is based on the authority of the Supreme Court in *Riley v. California*, 134 S. Ct. 2473 (2014).

We apply the law as it stands under holdings of the Supreme Court.  The defendant's argument fails because of the difference between a simple arrest and the plenary power of customs officials to search for concealed merchandise.  The defendant in this routine crossing of the border could expect no privacy of articles in his possession.  The Supreme Court said in 1925 in *Carroll v. United States*, 267 U.S. 132 at 154:  "Travelers may be so stopped in crossing an international boundary because of national self-protection reasonably requiring one entering the country to identify himself as entitled to come in, and his belongings as effects which may be lawfully brought in."  Then in 1985 the Supreme Court said:  "Since the founding of our Republic, Congress has granted the Executive plenary authority to conduct routine searches and seizures at the border, without probable cause or a warrant, in order to regulate the collection of duties and to prevent the introduction of contraband into this country."  *United States v. Montoya de Hernandez*, 473 U.S. 531, 537.

The stop and search in this case were constitutionally valid.

AFFIRMED.